PHYLLIS JANE EYLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eyler v. Commissioner
Docket No. 8482-79.
United States Tax Court
T.C. Memo 1987-123; 1987 Tax Ct. Memo LEXIS 119; 53 T.C.M. (CCH) 308; T.C.M. (RIA) 87123; March 4, 1987. *119 George W. Erickson, for the petitioner. Ben G. Reeves, for the respondent. WILBUR
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: The United States Court of Appeals for the Eleventh Circuit remanded this case for us to reconsider whether certain transactions constitute "retransfers" by petitioner-transferee to the transferor so as to vitiate petitioner's transferee liability. Eyler v. Commissioner,760 F. 2d 1129, 1134-1135 (11th Cir. 1985), affg. in part and revg. and remanding in part T.C. Memo. 1983-397. SUPPLEMENTAL FINDINGS OF FACT We were not directed to hold a further hearing and the record contains sufficient facts from which we can determine whether petitioner can be relieved of transferee liability. We find the facts to be as set forth in our opinion filed in Eyler v. Commissioner,T.C. Memo. 1983-397. It is necessary, however, to make certain additional findings of fact from the record presented during the original trial herein. When the Eylers were married in June 1977, Mr. Eyler's only assets consisted of his residence located in Indianapolis, Indiana at 8765 Pine Ridge *120 Drive (the "residence"), and a second home at 8756 Pine Ridge Drive (the "rental property"). On July 28, 1977, Mr. Eyler transferred the rental property to petitioner. She assumed the outstanding mortgage, but gave no other consideration for the transfer. In October of 1977, Mr. Eyler quitclaimed his interest in the residence to petitioner, making her the sole owner of their home. Petitioner gave no consideration for the transfer. In December 1977, petitioner sold the rental property to Gary and Pamela Neumann. After payment of the mortgage ($29,506.29) and other closing costs, petitioner realized $18,269.04 from the sale. The proceeds of this sale were used to pay household expenses and some of Mr. Eyler's debts. Mr. Eyler reported the gain from the sale of the property on his separate 1977 tax return even though the title had been transferred to petitioner prior to the sale. Mr. Eyler was involved in state court litigation concerning a business he had founded with some friends when he met petitioner in March 1977. In December 1977, the state court litigation came to trial and, in May 1978, a judgment of over $100,000, plus $25,000 in attorney's fees, was entered against *121 Mr. Eyler. On June 30, 1978, the prevailing party in that suit filed a complaint against Mr. Eyler seeking to collect on the judgment and on July 11, the complaint was amended to include petitioner as a defendant. The Eylers settled this suit by agreeing to sell their residence and to apply $82,500 of the proceeds of the sale to settlement of the litigation. On July 21, 1978, the Eylers sold their home to Herbert Simon and then paid the settlement and other closing costs. The balance of $41,450 was payable to petitioner. Petitioner was living in Florida at the time of the closing on July 21, 1978, but Mr. Eyler received the proceeds of this sale. OPINION The issue for decision is whether petitioner's dispositions of the rental property and the residence effected "retransfers" to her husband George Eyler. The Court of Appeals agreed with our holding that petitioner was a transferee from George Eyler under the Indiana statute of fraudulent conveyances. According to the Court of Appeals, however, we applied an incorrect rule of law in assuming that both dispositions by petitioner were retransfers and ruling that petitioner can only escape transferee liability to the extent *122 that the proceeds of the sales were applied to George Eyler's debts holding priority over the tax liability. The Court of Appeals reversed and remanded for further proceedings on this case. An exception to the doctrine of transferee liability has been found where a transferee in fraud of creditors reconveys or retransfers property to the transferor. In Gobins v. Commissioner,18 T.C. 1159 (1952), affd. per curiam 217 F.2d 952 (9th Cir. 1954), the transferor transferred substantially all of his property to the taxpayer-transferee in fraud of creditors. By reason of such transfer, we determined that the taxpayer was liable as a transferee. From the money received, the taxpayer expended certain sums in constructing and furnishing an apartment, which the transferor occupied for a time. The taxpayer also paid the transferor's living expenses and certain of his debts. The transferor subsequently sued the taxpayer to recover the property transferred to the taxpayer. The suit was ultimately settled by a retransfer of certain property to the transferor. The Court held that, with regard to the monies expended on behalf of the transferor by the taxpayer, the *123 taxpayer is only absolved of transferee liability to the extent that such expenditures are shown by the taxpayer to have priority over the tax claim by the government. Gobins v. Commissioner,supra at 1174. In contrast, a taxpayer is not liable as a transferee to the extent of the money and property "retransferred" to the transferor. Gobins v. Commissioner,supra. "The return of the property to [the transferor], to the extent of the property so returned, would, in logic at least, leave his creditors, including the United States, in the same position they were in prior to the transfer by him to [the transferee]." Gobins v. Commissioner,supra.See also Mendelson v. Commissioner,52 T.C. 727, 735 (1969); Ginsburg v. Commissioner,35 T.C. 1148, 1155, 1156 (1961), [1] affd. 305 F. 2d 664 (2nd Cir. 1962). In the instant case, *124 petitioner sold the rental property in December 1977 and, after paying the mortgage and closing costs, realized $18,269.04. Although the burden of proof is on respondent in cases involving transferee liability, "the burden of going forward with the evidence is shifted to the taxpayer to refute transferee liability once the respondent has made a prima facie showing of such liability * * *" Ginsburg v. Commissioner,supra at 1157. With regard to the disposition of the rental property, petitioner has failed to sustain her burden of going forward with the evidence to show that any portion of the proceeds of the sale was in fact transferred to Mr. Eyler. According to petitioner, the proceeds of this sale were used by petitioner to pay certain of Mr. Eyler's expenses. The expenditures were clearly made by petitioner as they were documented by a large group of checks signed by petitioner. However, a transferee who pays certain of the transferor's debts will only be relieved of liability to the extent that the debts paid held priority over the government's tax claim. Gobins v. Commissioner,supra at 1174. Petitioner has made no such showing *125 here. The Eylers settled a suit originally brought against Mr. Eyler and petitioner by agreeing to sell their residence. Thus, on July 21, 1978, the Eylers transferred their residence to Herbert Simon and after payment of the settlement and other closing costs, the balance of $41,450 was payable to petitioner. Petitioner had already moved to Florida by the time of the closing on July 21, 1978, but Mr. Eyler was present to receive the proceeds of the sale. Mr. Eyler had complete dominion and control over these funds which he used to pay certain of his attorney's fees and expenses. [2]
We believe that petitioner-transferee's surrender of the proceeds of the July 1978 sale to Mr. Eyler constitutes a retransfer of the property to the transferor to the extent of $41,450. [3] Petitioner-transferee, however, is relieved of liability only to the extent that the retransfer *126 took place prior to respondent's taking action to collect from petitioner. Ginsberg v. Commissioner,supra at 1155-1158. The question, then, is whether petitioner transferred the proceeds of the sale to Mr. Eyler prior to respondent's taking action to collect the deficiency from the transferee. According to the Court of Appeals, the operative date is April 11, 1979, the date on which respondent issued the notice of deficiency to petitioner. Eyler v. Commissioner, 760 F.2d at 1134. Because the retransfer occurred before April 11, 1979, we find that petitioner is relieved of transferee liability to the extent of $41,450. [4]
*127 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. See McLellan v. Commissioner,T.C. Memo. 1975-15↩, where the transferee was relieved of transferee liability to the extent he retransferred proceeds he received from the sale of real estate he had received from the transferor.
2. We note that although Mr. Eyler testified at the original trial herein that he received "between thirty-one and thirty-four or thirty-five thousand" upon the sale, the stipulation states that $41,450 was realized. We find the stipulation to be controlling. Rule 91(e), Tax Court Rules of Practice and Procedure.↩
3. We note that whether a reconveyance to the transferor relieves the transferee of liability is a matter of state law. McLellan v. Commissioner,T.C. Memo. 1975-15↩. The parties have pointed us to no Indiana cases which would provide for a contrary result on these facts. 4. The Court in Gobins v. Commissioner,18 T.C. 1159, 1174, affd. per curiam 217 F.2d 952↩ (9th Cir. 1954), noted that in certain cases it is possible that retransfers "might be the result of collusion between the parties and made in such manner that it also would be in fraud of creditors." Despite the fact that the transferor and transferee were husband and wife, respondent has not shown the Court any evidence of collusion on the part of the Eylers with regard to the retransfer of the July 1978 sale proceeds.